IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAI DYER, # K-57549, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-788-GPM |
| | ) |
| MAJOR MATTOX, | ) |
| ALLEN MARTIN, and | ) |
| S.A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

MURPHY, District Judge:

Plaintiff, currently incarcerated at Shawnee Correctional Center, ("Shawnee") has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently serving an 18 year sentence for armed robbery and vehicular hijacking. Plaintiff claims that Defendant Mattow, a major at the Illinois Department of Corrections ("IDOC"), Defendant Martin, the Warden of Shawnee, and Defendant Godinez, the Director of the IDOC, failed to accommodate his religious preferences as a Rastafarian because Plaintiff was not allowed to wear dreadlocks.

Plaintiff states that on April 20, 20122, Shawnee officials, including Defendant Mattox, informed him that dreadlocks were barred at the institution. According to Plaintiff, he agreed to "take down" his dreadlocks but refused to cut his hair. However, in segregation, there are restrictions such as not allowing prisoners to have combs, picks and brushes. As a result, Plaintiff did not comply with the order and unnamed officials removed his dreadlocks.

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy,* 907 F.2d 46, 47

1

(7th Cir. 1990); *see Al-Alamin v. Gramley,* 926 F.2d 680, 686 and fn. 3-5 (7th Cir. 1991) (collecting cases). On the other hand, a prison's action that substantially burdens an inmate's religious exercise may nevertheless be valid if the "defendant's procedures and conduct were 'in furtherance of a compelling government interest' and 'the least restrictive means of furthering that compelling government interest'[.]" *Nelson v. Miller*, 570 F.3d 868, 880 (7th Cir. 2009) (citing *Thomas v. Review Bd. of Indiana Employment Sec. Div.*, 450 U.S. 707, 719 (1981); 42 U.S.C. 2000cc-1(a)(1) & (2); *Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008)). Such compelling interests include inmate security and the proper allocation of limited prison resources. *See O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348, 352-53 (1987); *Turner v. Safley,* 482 U.S. 78, 89-90 (1987); *Al-Alamin,* 926 F.2d at 686.

Plaintiff states that he was willing to comply with the order to remove his dreadlocks. According to Plaintiff, the issue with officials arose due to restrictions on personal grooming tools in the segregation areas of the facility. Thus, Plaintiff's disagreement, by his own admission, was not with taking down his dreadlocks but with prison security regulations and the provision of personal items. This is not constitutionally protected activity.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against Defendant Mattox for violations of Plaintiff's 1st Amendment right. This claim shall be dismissed with prejudice. Similarly the claim against Defendant Martin is dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that Martin, Warden of Shawnee is

"personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, Martin is **DISMISSED** as a defendant with prejudice.

Similarly, Plaintiff cannot maintain his suit against Defendant Godinez, as Director of the Illinois Department of Corrections, because it is a state government agency. Plaintiff alleges Gozinez is attributable for the actions of his staff and for approval of any grievance reports. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

For these reasons, Defendant Godinez is dismissed from this action with prejudice.

**Disposition**

Plaintiff's religious accommodation claim fails to state a claim upon which relief can be granted and thus is **DISMISSED with prejudice**. Defendants Mattox, Martin and Godinez are **DIMISSED with prejudice**.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The Clerk of the Court is **DIRECTED** to **CLOSE** this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED**: August 31, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge